IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD FLEMISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 1424 |
| | ) | |
| COOK COUNTY, Individually and | ) | Wayne R. Andersen |
| d/b/a/ Cook County Juvenile Temporary | ) | District Judge |
| Detention Center, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the 12(b)(6) motion of Defendants Cook County, Cook County Juvenile Detention Center, Clara Collins, Roy Farmer, and David Lux to dismiss the complaint. For the following reasons, the motion to dismiss is denied in part and granted in part.

### BACKGROUND

Plaintiff, Reginald Flemister, who at the time of the events alleged in the complaint was a detainee at the Cook County Juvenile Temporary Detention Center ("JTDC"), brings this two-count claim under 42 U.S.C. § 1983 for violations of his rights under the Eighth and Fourteenth Amendments after he was allegedly sexually assaulted by other detainees at the JTDC. Plaintiff alleges that, on May 11, 1996, while asleep in the overflow dayroom, he was sexually assaulted by older inmates who had been in the general population of the JTDC. He alleges there was one supervisor, James Peterson, monitoring the dayroom and that he had a previous history of inattentiveness and disciplinary actions against him. Plaintiff further alleges that, just prior to

and during the attack, defendant Peterson may have been asleep. Plaintiff alleges that despite a history of poor work performance, defendants hired defendant Peterson and subsequently failed to discharge him when it became apparent that his conduct was not suitable for employment at the JTDC. He further alleges that defendant Peterson's falling asleep on floor 5-G was instrumental in his being attacked by other detainees.

Plaintiff is suing Cook County, Cook County Juvenile Temporary Detention Center, and other defendants in their individual and official capacities, including Clara Collins, superintendent of the JTDC, James Peterson, acting counselor on floor 5-G at the time of the alleged assault, and David Lux and Roy Farmer, who were supervisors at the detention facility.

## STANDARD OF REVIEW

A 12(b)(6) motion to dismiss challenges only the sufficiency of the complaint to state a claim upon which relief may be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is proper when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff "need not plead facts; he can plead conclusions if they provide the defendant with at least minimal notice of the claim." *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998).

## DISCUSSION

In Count One, plaintiff alleges that "[j]ust prior to and during the attack, Defendants, and specifically, the supervisor of the floor 5-G, were either deliberately indifferent to the assault or was [sic] asleep." (Compl. ¶ 23.) He further alleges the JTDC was poorly managed and did not have adequate resources and trained staff and that these "conditions and practices" are a violation

2

of his civil rights. (*Id.* ¶¶ 24, 29, 30.) In Count Two, plaintiff alleges defendants were the direct and proximate cause of his assault by hiring and then failing to fire Mr. Peterson when he displayed "conduct [] not suitable for employment at JTDC." (*Id.* ¶¶ 36, 37.)

## I. Section 1983 Claims Against Defendants Acting in Their Individual Capacities

In Count One, plaintiff has stated a valid § 1983 claim against defendant Peterson acting in his individual capacity, but has not stated a valid claim against the other defendants. An actionable § 1983 claim requires a plaintiff to plead (1) a deprivation of a right secured by the constitution or laws of the United States (2) caused by an action taken under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003)(citation omitted). The record reflects that defendant Peterson, while employed as a detention officer, was acting under color of state law. *See Matzker v. Herr, et al.*, 748 F.2d 1142 (7th Cir. 1984)(citation omitted). Our inquiry turns, therefore, to the question of whether plaintiff has adequately pled a deprivation of a Constitutional right.

In his complaint, plaintiff alleges defendant Peterson violated his rights as guaranteed under the Eighth and Fourteenth Amendments to the Constitution. As a pre-trial detainee, plaintiff was not protected by the Eighth Amendment's prohibition on cruel and unusual punishment, which applies only to those who have already been convicted. *Fernandez v. Velasco*, 2002 WL 472281, at *2 (N.D. Ill. Mar. 28, 2002)(citation omitted). A pre-trial detainee's due process rights under the Fourteenth Amendment are, however, "at least as expansive as a convicted prisoner's freedom from cruel and unusual punishment under the Eighth Amendment." *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Thus, the

standard for alleging violations of the Eighth Amendment are the same as those required for alleging violations of the Fourteenth Amendment. *Henderson v. Sheahan*, 196 F.3d 839, 845, n.2 (7th Cir. 1999). Accordingly, we use the Eighth Amendment standard to determine whether plaintiff has stated a valid Fourteenth Amendment claim.

To succeed on an Eighth Amendment claim, plaintiff must meet both objective and subjective components. *Id.* To satisfy the objective component, the alleged deprivation must "result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires that the defendant knew of a substantial risk of serious injury to the detainee but failed to take reasonable measures to prevent the harm from occurring. *Armstrong v. Squadito*, 152 F.3d 564, 577 (7th Cir. 1998); *see Payne for Hicks v. Churchich*, 161 F.3d 1030, 1041 (7th Cir. 1998).

Here, under these standards, plaintiff has adequately pled a deprivation of his Eighth Amendment rights, and thus a valid Fourteenth Amendment claim. The alleged harm was sexual assault, which is an objectively severe harm. The subjective component has also been adequately pled. In Count One, plaintiff alleges defendant Peterson failed to provide adequate supervision, having known of the substantial risk of injury in the overflow room. By providing facts in support of the objective and subjective components of his § 1983 claim against defendant Peterson, plaintiff has exceeded the requirements for a § 1983 claim under our liberal system of notice pleading.

Plaintiff has not, however, stated a valid claim against defendants Collins, Farmer, and Lux. It is well established that personal involvement is a prerequisite for individual liability in a

4

§ 1983 action and that an individual cannot be held liable unless he caused or participated in an alleged constitutional deprivation. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997).

In order to state a Fourteenth Amendment claim for compensatory damages against defendants Collins, Farmer, and Lux, plaintiff must allege that these individual defendants were personally involved in the alleged deprivation of plaintiff's rights. *See J.H. and J.D. v. Johnson*, 346 F.3d 788 (7th Cir. 2003); *Gossmeyer*, 128 F.3d at 494. The allegations in this case reveal that Collins, Farmer, and Lux are not claimed to have had any personal participation in the alleged deprivation of plaintiff's rights. The only allegations of individual conduct are those against defendant Peterson for having fallen asleep at the time of the alleged assault. Because there are no allegations of personal involvement by defendants Collins, Farmer, and Lux in the circumstances which led to the alleged assault, plaintiff has not stated a valid § 1983 claim against these defendants and we, therefore, dismiss the claims against them acting in their individual capacity.

In addition, defendants Peterson, Collins, Farmer, and Lux are dismissed from Count Two, which is an action against Cook County and the JTDC for having failed to properly supervise defendant Peterson. Defendants Farmer and Lux were supervisors at the detention facility. Defendant Collins was the superintendent. However, Count Two alleges that JTDC – not its supervisors – was responsible for hiring and retaining Peterson. Accordingly, defendants Peterson, Collins, Farmer, and Lux must be dismissed from Count Two.

## II. Section 1983 Claims Against Defendants Acting in Their Official Capacities

We also dismiss plaintiff's § 1983 claims against defendants Peterson, Collins, Farmer, and Lux acting in their official capacities. The Seventh Circuit has held that a suit against a public official in her official capacity is a suit against the entity of which that official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). Thus, in this case, the claims against the individual defendants acting in their official capacities are in reality suits against Cook County and the JTDC. Because plaintiff has filed § 1983 claims against Cook County and JTDC for violations of his Eighth and Fourteenth Amendment rights in this lawsuit, we dismiss plaintiff's claims against the individual defendants in their official capacities as redundant.

## III. Section 1983 Claims Against JTDC and Cook County

In his complaint, plaintiff names as defendant the Cook County Juvenile Temporary Detention Center. However, the JTDC is not a suable entity itself as it is an agency of defendant Cook County. Plaintiff acknowledges that Cook County owns and operates JTDC. (Compl. ¶¶ 5, 6.) It has previously been held that agencies or entities owned or operated by Cook County are not suable entities themselves. *See, e.g., Payne v. Cook County Hospital*, 719 F.Supp. 730, 733 (N.D. Ill. 1989); *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979); *Richardson v. County of Cook*, 250 Ill.App.3d 544, 547 (1st Dist. 1993). Therefore, JTDC is dismissed as a defendant.

We also dismiss all claims against Cook County. The core of plaintiff's lawsuit against Cook County is that it failed to properly supervise defendant Peterson and failed to discharge him when he displayed "conduct [] not suitable for employment at JTDC." (*Id.* ¶¶ 36, 37.) Municipalities are not, however, subject to liability under § 1983 under a theory of *respondeat*

*superior*. *Bd. of Co. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Rather, municipalities can be sued under § 1983 only if the alleged deprivation of constitutional rights is caused by a municipal policy or custom. *See Monell v. Dept. of Soc. Serv.* 436 U.S. 658, 659 (1978). When execution of a municipality's policy or custom inflicts an injury to plaintiff, then that entity is liable under § 1983. *See Baxter v. Vigo Co. Sch. Corp.*, 26 F.3d 728, 734 (citing *Monell*, 436 U.S. at 694).

There are three ways in which a municipality can be found to have violated plaintiff's civil rights through its policies or customs: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that is not authorized by written law or express municipal policy but is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy-making authority. *Id.* at 734-35.

Here, plaintiff's complaint contains no allegations that relate to any of the *Baxter* factors. Plaintiff alleges that, by hiring and failing to discharge defendant Peterson, defendants were the cause of his assault. He also alleges that JTDC was poorly managed and did not have adequate resources and trained staff and that these "conditions and practices" led to his assault. (*Id.* ¶¶ 24, 29, 30.) At their core, these allegations constitute a *respondeat superior* claim, which as stated earlier, cannot be brought against a municipality under § 1983. *Bd. of Co. Comm'rs*, 520 U.S. at 403. Because plaintiff cannot bring an action under a theory of *respondeat superior*, we grant the motion to dismiss as to defendant Cook County.

## CONCLUSION

For the foregoing reasons, we grant the motion to dismiss [16-1] defendants Cook County, Cook County Juvenile Temporary Detention Center, Clara Collins, and Roy Farmer from both counts of the complaint. Defendant David Lux's motion to dismiss [29-1] is also granted. In addition, we dismiss defendant James Peterson from Count Two.

Because defendant Peterson is the only remaining defendant left in this lawsuit, we direct plaintiff to file an amended complaint in accord with this opinion by April 8, 2005. Defendant has until April 18, 2005 to file his answer. This case is set for status on April 28, 2005 at 9:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 24, 2005