IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD FLEMISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 1424 |
| | ) |
| COOK COUNTY, individually, and | ) Wayne R. Andersen |
| d/b/a Cook County Juvenile Temporary | ) District Judge |
| Detention Center; and JAMES | ) |
| PETERSON | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the motion of defendant, James Peterson and Cook County, d/b/a Cook County Juvenile Detention Center to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure (12)(b)(6). For the following reasons, the motion to dismiss is denied in part and granted in part.

## BACKGROUND

Plaintiff, Reginald Flemister, who at the time of the events alleged in the complaint was a detainee at the Cook County Juvenile Temporary Detention Center ("JTDC"), brings this two count claim under 42 U.S.C. § 1983 for violations of his rights under the Eighth and Fourteenth Amendments after he was allegedly sexually assaulted by other detainees at the JTDC. Plaintiff is suing Cook County and James Peterson, acting counselor on floor 5-G at the time of the alleged assault, in his individual and official capacity.

Plaintiff alleges that, on May 11, 1996, while asleep in the overflow dayroom, he was sexually assaulted by other inmates who had been in the general population of the JTDC.

Plaintiff alleges there was one supervisor, Peterson, monitoring the dayroom and that Peterson had a previous history of inattentiveness and disciplinary actions against him. Plaintiff further alleges that, just prior to and during the attack, defendant Peterson was either deliberately indifferent to the assault or was asleep. Plaintiff alleges that despite a history of poor work performance, defendant Cook County hired defendant Peterson as a supervisor/counselor and subsequently failed to discharge him when it became apparent that his conduct was not suitable for employment at the JTDC. Additionally, plaintiff alleges that defendant Peterson's conduct on the floor of 5-G was instrumental in his being attacked by other detainees. Finally, plaintiff alleges that the attack resulted from an express Cook County policy, widespread custom or deliberate act of a decision-maker with final policy making authority.

## PROCEDURAL HISTORY

On June 14, 2004 defendants filed a motion to dismiss plaintiff's complaint ("First Complaint"). On March 24, 2005 this Court granted the motion to dismiss all § 1983 claims against defendants acting in their individual capacities except the claim against defendant Peterson. We determined plaintiff had provided facts sufficient to support both the objective and subjective components of a §1983 claim against defendant Peterson but had not met this requirement for defendants Collins, Farmer and Lux. We also dismissed the claims against defendants in their official capacities because these were in reality suits against Cook County and JTDC. JTDC is an agency of defendant Cook County and therefore was not a suable entity itself, so it was dismissed from the suit. Finally, we dismissed the claim against Cook County because municipalities are not subject to liability under § 1983 under a theory of *repondeat superior*. We ordered plaintiff to file an amended complaint in accord with the March 24, 2005 opinion. On

April 8, 2005 plaintiff filed an amended complaint ("Second Complaint") and defendants have subsequently filed another motion to dismiss.

## STANDARD OF REVIEW

A 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is proper when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff "need not plead facts; he can plead conclusions if they provide the defendant with at least minimal notice of the claim." *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998).

## DISCUSSION

In Count One of the Second Complaint, plaintiff alleges that defendant Peterson failed to provide adequate supervision, having known of the substantial risk of injury in the overflow room. He further alleges that conditions and practices that accompanied the attack "have persisted for a number of years prior to the incident" and that the attack resulted from an express Cook County policy or custom or a deliberate act of someone with policy-making authority. (Second Complaint ¶¶ 23, 24). In Count Two, plaintiff alleges defendants were the direct and proximate cause of his assault by hiring and then failing to fire Mr. Peterson when he displayed "conduct [] not suitable for employment at JTDC." (Second Complaint ¶ 31).

### I. Section 1983 Claim Against James Peterson

We previously dismissed plaintiff's claims against the individual defendants in their official capacities as redundant. In the Second Complaint, plaintiff has once again brought a claim against

3

defendants "individually and in their official capacities." (Second Complaint ¶ 7). Once more, we repeat that the Seventh Circuit has held that a suit against a public official in her official capacity is a suit against the entity of which that official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). We therefore again dismiss the claim against James Peterson in his official capacity because this is in reality a suit against Cook County.

In addition, James Peterson is dismissed from Count Two of the Second Complaint. As we stated before, Count Two is an action against Cook County for negligently hiring and retaining defendant Peterson. A claim against defendant Peterson in Count Two is therefore improper. Accordingly, we grant defendants' motion to dismiss as to defendant Peterson in Count Two.

## II. Section 1983 Claim Against Cook County

We dismissed plaintiff's § 1983 claim against Cook County in the First Complaint because the claim was brought under a theory of *respondeat superior*. Municipalities can only be sued under § 1983 if the alleged deprivation of constitutional rights is caused by a municipal policy or custom. *See Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 659 (1978).

The policy or custom requirement can be satisfied in one of three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that is not authorized by written law or municipal policy but is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy-making authority. *See Baxter v. Vigo Co. Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994).

In Count One of the Second Complaint, plaintiff alleges "[t]he attack resulted from either an express Cook County policy, widespread custom or deliberate act of a decision-maker with final authority." (Second Complaint ¶ 24). Under the liberal federal notice pleading regime, this

allegation is sufficient to establish a § 1983 claim against Cook County. Plaintiff can plead conclusions if they are sufficient to allow the court and the defendants to understand the gravamen of the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-34 (7th Cir. 2000). Because plaintiff has alleged his constitutional rights were deprived by the custom or policy of Cook County there is an actionable claim under §1983 and the motion to dismiss is denied.

Count Two of the Second Complaint, however, has failed to state a valid claim against Cook County. Again, the core of Count Two is a claim against Cook County for hiring and then failing to fire Mr. Peterson when he displayed "conduct [] not suitable for employment at JTDC." (Second Complaint ¶ 31). Municipalities, however, are not liable under §1983 under this theory of *respondeat superior*. *See Bd. of Co. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). We therefore grant the motion to dismiss Count Two as to defendant Cook County.

## CONCLUSION

For the foregoing reasons, we grant the defendants' motion to dismiss Count Two of the complaint. Count One of the complaint remains and we deny defendant Cook County's motion to be dismissed as a defendant from Count One.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: February 15, 2006